This is a proceeding to determine heirship under section 1664 of the Code of Civil Procedure and to void the residuary clause of the will of Henry Wood bequeathing the residue of his estate in trust for the benefit of the inmates of the State Orphans' Home of the State of Nevada. The probate court entered a judgment sustaining the residuary clause of the will, from which the petitioner appeals on a bill of exceptions.
The clause under attack reads in part as follows: "I give . . . all the rest . . . of my estate . . . to the State Orphans Home at Carson City, Nevada. All of the sum total of said property bequeathed, shall constitute a perpetual trust fund . . . The Board of Directors of the State Orphans Home, and their successors thereof, to have and to hold the said trust fund as a perpetual trust, and each successive year to expend all the interest derived from the said trust fund for that year in purchasing useful and pleasing presents at Christmas time of each year for distribution among the orphans of said State Orphans Home." (Emphasis ours.) *Page 696 
 [1] The probate court found that it was the true intent of the testator to make a gift in trust to the directors of the home for the benefit of the inmates thereof. We are in accord with this finding as such intent is manifest from the face of the will. As such the bequest was one for a charitable purpose (Estate of Sutro, 155 Cal. 727, 736 [102 P. 920]) and one expressly authorized by section 1313 of the Civil Code. To this extent the judgment is supported by Estate of Upham, 127 Cal. 90
[59 P. 315].
[2] Under the laws of the state of Nevada the directors of the Orphans' Home are authorized to receive and have control of bequests made to the home and to dispose of the property bequeathed in the manner directed by the donor. This disposes of the objection that the directors are incapable of taking as trustees under the will.
[3] The further argument is made that the trust is unenforceable because the observance of Christmas is a ceremony peculiar to the Christian religion and hence the use of the funds for the purposes designated would violate the provisions of section 10 of article XI of the Nevada state Constitution prohibiting the use of public funds for sectarian purposes. There are many answers which could be made to the point, but it is sufficient to say that the will merely directs that the trustees distribute among the orphans in the home useful and pleasing presents at Christmas time. It does not require the observance of Christmas Day as a religious festival. In directing that these gifts be useful the intention of the testator is shown to be purely charitable and it cannot be said to offend the provisions of the Nevada Constitution, which, it will be noted, relates to "sectarian" as distinguished from religious purposes. (Evans v.Selma Union H.S. Dist., 193 Cal. 54, 57 [31 A.L.R. 1121,222 P. 801].)
The judgment is affirmed.
Sturtevant, J., and Spence, J., concurred.
A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 24, 1930. *Page 697